# EXHIBIT A

NYSCEF - New York State Courts Electronic Filing

**652490/2022 -** New York County Supreme Court

Short Caption: **PIONEER BUSINESS SERVICES, LLC v. VISTAJET US, INC.**
Case Type: **Commercial - Contract - Commercial Division**
Case Status: **Active**
eFiling Status: **Full Participation Recorded**
Assigned Judge: **Melissa Anne Crane**

✉ E-mail Participating Parties

### Narrow By Options

Document Type:    Please select...        Filed By:
                  Please select...
Motion Info:      Please select...        Filed Date:
                                          🗓 thru 🗓
Document Number:  ☐

Display Document List with Motion Folders 📁

Sort By: Doc #

| # | Document | Filed By | Status |
|---|---|---|---|
| 1 | SUMMONS + COMPLAINT | O'Kelly, E. Filed: 07/19/2022 Received: 07/19/2022 | Processed Confirmation Notice |
| 2 | EXHIBIT(S) - 1 Assumption | O'Kelly, E. Filed: 07/19/2022 Received: 07/19/2022 | Processed Confirmation Notice |
| 3 | EXHIBIT(S) - 2 July 1, 2022, FCA received a letter from VistaJets lawyer | O'Kelly, E. Filed: 07/19/2022 Received: 07/19/2022 | Processed Confirmation Notice |
| 4 | EXHIBIT(S) - 3 July 6 Letter | O'Kelly, E. Filed: 07/19/2022 Received: 07/19/2022 | Processed Confirmation Notice |
| 5 | EXHIBIT(S) - 4 July 8 email | O'Kelly, E. Filed: 07/19/2022 Received: 07/19/2022 | Processed Confirmation Notice |
| 6 | EXHIBIT(S) - 5 July 11 email | O'Kelly, E. Filed: 07/19/2022 Received: 07/19/2022 | Processed Confirmation Notice |
| 7 | EXHIBIT(S) - 6 July 13 email | O'Kelly, E. Filed: 07/19/2022 Received: 07/19/2022 | Processed Confirmation Notice |
| 8 | EXHIBIT(S) - 7 July 15 letter | O'Kelly, E. Filed: 07/19/2022 Received: 07/19/2022 | Processed Confirmation Notice |
| 9 | EXHIBIT(S) - 8 July 15 email | O'Kelly, E. Filed: 07/19/2022 Received: 07/19/2022 | Processed Confirmation Notice |
| 10 | ORDER TO SHOW CAUSE - ACCOMPANYING COMMENCEMENT DOC(S) (PROPOSED) (Motion #001) | O'Kelly, E. Filed: 07/19/2022 Received: 07/19/2022 | Processed Confirmation Notice |
| 11 | EMERGENCY APPLICATION - OTHER Emergency Affirmation of Eamon O'Kelly | O'Kelly, E. Filed: 07/19/2022 Received: 07/19/2022 | Processed Confirmation Notice |
| 12 | EXHIBIT(S) - 1 Summons & Complaint | O'Kelly, E. Filed: 07/19/2022 Received: 07/19/2022 | Processed Confirmation Notice |
| 13 | EXHIBIT(S) - 2 Email notice to opposing counsel | O'Kelly, E. Filed: 07/19/2022 Received: 07/19/2022 | Processed Confirmation Notice |
| 14 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF PROPOSED OSC/EXPARTE APP Affidavit of Brian Proctor | O'Kelly, E. Filed: 07/19/2022 Received: 07/19/2022 | Processed Confirmation Notice |
| 15 | EXHIBIT(S) - 1 Program Agreement | O'Kelly, E. Filed: 07/19/2022 Received: 07/19/2022 | Processed Confirmation Notice |
| 16 | EXHIBIT(S) - 2 Assumption | O'Kelly, E. Filed: 07/19/2022 Received: 07/19/2022 | Processed Confirmation Notice |

| | | | |
|---|---|---|---|
| 17 EXHIBIT(S) - 3<br>*Offering Brochure* | | O'Kelly, E.<br>Filed: 07/19/2022<br>*Received: 07/19/2022* | **Processed**<br>Confirmation Notice |
| 18 EXHIBIT(S) - 4<br>*Vistajet approval* | | O'Kelly, E.<br>Filed: 07/19/2022<br>*Received: 07/19/2022* | **Processed**<br>Confirmation Notice |
| 19 EXHIBIT(S) - 5<br>*July 1 Demand letter* | | O'Kelly, E.<br>Filed: 07/19/2022<br>*Received: 07/19/2022* | **Processed**<br>Confirmation Notice |
| 20 EXHIBIT(S) - 6<br>*July 6 letter* | | O'Kelly, E.<br>Filed: 07/19/2022<br>*Received: 07/19/2022* | **Processed**<br>Confirmation Notice |
| 21 EXHIBIT(S) - 7<br>*July 11 email* | | O'Kelly, E.<br>Filed: 07/19/2022<br>*Received: 07/19/2022* | **Processed**<br>Confirmation Notice |
| 22 EXHIBIT(S) - 8<br>*July 13 email* | | O'Kelly, E.<br>Filed: 07/19/2022<br>*Received: 07/19/2022* | **Processed**<br>Confirmation Notice |
| 23 EXHIBIT(S) - 9<br>*July 8 email* | | O'Kelly, E.<br>Filed: 07/19/2022<br>*Received: 07/19/2022* | **Processed**<br>Confirmation Notice |
| 24 EXHIBIT(S) - 10<br>*July 15 letter* | | O'Kelly, E.<br>Filed: 07/19/2022<br>*Received: 07/19/2022* | **Processed**<br>Confirmation Notice |
| 25 EXHIBIT(S) - 11<br>*July 18 email* | | O'Kelly, E.<br>Filed: 07/19/2022<br>*Received: 07/19/2022* | **Processed**<br>Confirmation Notice |
| 26 MEMORANDUM OF LAW IN SUPPORT | | O'Kelly, E.<br>Filed: 07/19/2022<br>*Received: 07/19/2022* | **Processed**<br>Confirmation Notice |
| 27 RJI -RE: ORDER TO SHOW CAUSE | | O'Kelly, E.<br>Filed: 07/19/2022<br>*Received: 07/19/2022* | **Processed**<br>Confirmation Notice<br>Payment Receipt |
| 28 ADDENDUM - COMMERCIAL DIVISION (840C) | | O'Kelly, E.<br>Filed: 07/19/2022<br>*Received: 07/19/2022* | **Processed**<br>Confirmation Notice |
| 29 ORDER TO SHOW CAUSE (Motion #001) | | Court User<br>Filed: 07/20/2022<br>*Received: 07/20/2022* | **Processed**<br>Confirmation Notice |
| 30 NOTICE OF APPEARANCE (POST RJI) | | Gutchess, J.<br>Filed: 07/21/2022<br>*Received: 07/21/2022* | *** *Pending* ***<br>Confirmation Notice |
| 31 NOTICE OF APPEARANCE (POST RJI) | | Nacouzi De Mello Franco, B.<br>Filed: 07/21/2022<br>*Received: 07/21/2022* | *** *Pending* ***<br>Confirmation Notice |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------x
PIONEER BUSINESS SERVICES, LLC d/b/a
FOUR CORNERS AVIATION SERVICES,

         Plaintiff,      Index No._____

  -against-

                   **SUMMONS**

VISTAJET US, INC.,

         Defendant
------------------------------------------------------------------------x

To the above-named Defendant:

VISTAJET US, INC.
120 Wooster Street, 6th Floor
New York, New York 10012

  You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

  The basis of venue is CPLR § 503(a) because a substantial part of the events or omissions giving rise to the claims occurred in the County of New York.

Dated: July 19, 2022

                  **AKERMAN LLP**

                  By: */s/ Eamon O'Kelly*
                  H. Peter Haveles, Jr.
                  Lisa Coyle
                  Eamon O'Kelly
                  1251 Avenue of the Americas, 37th Floor
                  New York, New York 10020
                  Telephone: (212) 880-3800
                  Peter.haveles@akerman.com
                  lisa.coyle@akerman.com
                  Eamon.Okelly@akerman.com

                  - and -

2

**SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP**

   */s/ Talmage Boston*
Talmage Boston (*pro hac vice motion forthcoming*)
Texas Bar No. 02681800
tboston@shackelford.law
9201 N. Central Expressway, Fourth Floor
Dallas, Texas 75231
Telephone: (214) 780-1400

*Attorneys for Plaintiff Pioneer Business Services, LLC d/b/a Four Corners Aviation Services*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x

PIONEER BUSINESS SERVICES, LLC d/b/a
FOUR CORNERS AVIATION SERVICES,

                        Plaintiff,               Index No._____

    -against-

VISTAJET US, INC.,

                        Defendant
------------------------------------------------------------------x

## COMPLAINT

Plaintiff Pioneer Business Services, LLC d/b/a Four Corners Aviation Services ("FCA"), by its attorneys, alleges for its Complaint against Defendant VistaJet US, Inc. ("VistaJet"), as follows:

1. This is an action for breach of contract, tortious interference with contracts, and declaratory relief, arising under an Assignment and Assumption Agreement dated April 1, 2022 ("the Assumption"), and the exhibits thereto, which include a Program Agreement ("the Program Agreement," attached as Exhibit B to the Assumption) and an Addendum ("the Addendum," attached as Exhibit C to the Assumption, and, together with the Assumption and the Program Agreement, the "Agreements")). The Assumption with its Exhibits are attached to this Complaint as **Exhibit 1**.

## THE PARTIES

2. Plaintiff FCA is a Delaware limited liability company that is qualified to do business in New York and has an office in New York.

3. On information and belief, Defendant VistaJet is a Delaware Corporation, with its principal place of business in New York, located at 120 Wooster Street, 6th Floor, New York, New York.

## JURISDICTION AND VENUE

4. The Court has personal jurisdiction over VistaJet pursuant to CPLR 301 because, on information and belief, VistaJet's principal place of business is in New York. Additionally, Section 9.2 of the Program Agreement, to which VistaJet is a party, provides that the parties agreed to exclusive jurisdiction and venue in the courts of New York.

5. This Court has jurisdiction over this matter as this action is for, *inter alia*, breach of contract, declaratory judgement, and the recovery of more than $500,000, exclusive of interest, and for injunctive relief.

6. Venue is proper in this Court pursuant to CPLR 503(a) and (c), because Defendant VistaJet is a resident of New York County, where its principal place of business is located. Venue is also proper in this Court pursuant to N.Y. Gen. Ob. Law §§ 5-1401 and 5-1402, as well as Section 9.2 of the Program Agreement, in which the parties agreed to exclusive jurisdiction and venue in the courts of New York. Moreover, Section 5-1402 authorizes a party to maintain an action or proceeding against a foreign corporation where the action or proceeding arises out of or relates to any contract, agreement or undertaking for which a choice of New York law has been made in whole or in part pursuant to section 5-1401 and which is a contract, agreement or undertaking relating to an obligation arising out of a transaction covering in the aggregate, not less than one million dollars, and (b) which contains a provision or provisions whereby such foreign corporation agrees to submit to the jurisdiction of the courts of this state. Section 9.1 of the Program Agreement states that "any dispute, controversy, proceedings, or claim of whatever nature arising out of or in any way relating to this Program or its formation including any non-contractual dispute or claim (together, a "Claim") shall be governed by and construed in accordance with the laws of the State of New York, excluding conflicts of laws or

principals." Moreover, the Agreements at issue in this action relate to obligations arising out of transactions covering in the aggregate, not less than one million dollars. Accordingly, venue in this Court is also proper pursuant to N.Y. Gen. Ob. L. §§ 5-1401 and 5-1402(1).

7. Venue in the Commercial Division of the Supreme Court is appropriate because: (i) breach of claims are asserted; (ii) the amount of damages claimed in this action is at least $500,000; and (iii) equitable and declaratory relief is sought.

## BACKGROUND FACTS

8. VistaJet is in the business of operating private aircrafts with its own personnel. It sells large packages of hours flown on its aircraft by its personnel to customers in the marketplace. On or about April 1, 2020, VistaJet entered into the Program Agreement with a business entity named SB Group US, Inc., ("SoftBank"), a Delaware corporation, under the terms of which SoftBank purchased a large quantity of hours on VistaJet aircraft from VistaJet. After the Program Agreement had been in effect for a period of time, SoftBank determined that it was not likely to use the remaining hours, and it consequently attempted to find someone else in the marketplace who might want to assume its unused position as a "Member" under the Program Agreement.

9. On or about April 1, 2022, FCA entered into the Assumption with VistaJet and SoftBank, under the terms of which, for good and valuable consideration, FCA agreed to assume SoftBank's rights under the Program Agreement and VistaJet consented to and accepted the assignment to and assumption by FCA.

10. Subsequent to April 1, 2022, FCA began marketing and selling the VistaJet hours that it acquired under the Assumption to FCA's customers and potential customers. Such marketing and sales efforts by FCA were done in compliance with the Agreements.

11. On July 1, 2022, FCA received a letter from VistaJet's lawyer (the "July 1 Letter") (which is attached hereto as **Exhibit 2**). The July Letter claimed that FCA had (i) breached the Assumption, the Program Agreement, and the Addendum, which had purportedly caused VistaJet to sustain damages; (ii) made material misrepresentations to VistaJet before the Assumption was signed and had gone into effect, which caused VistaJet to sustain damages; and (iii) infringed upon VistaJet's trademark and copyrighted images. The July 1 Letter was the first indication of VistaJet's belief that there had been an alleged breach of any type by FCA that FCA ever received form VistaJet.

12. When FCA received the July 1 Letter, it was shocked by VistaJet's claims, which were wholly unsubstantiated and meritless. Therefore, by its attorney, FCA sent a letter on July 6, 2022 (the "<u>July 6 Letter</u>") (a copy of which is attached as **Exhibit 3**) asking VistaJet to substantiate its claims with facts that supported such claims so that FCA could assess how to respond. VistaJet's lawyer responded to the July 6 Letter with his email to FCA's lawyer of Friday, July 8, 2022, sent after business hours (the "July 8 Email") (a copy of which is attached as **Exhibit 4**). The July 8 Email failed to provide any substantiation whatsoever to the baseless allegations made against FCA in the July 1 Letter.

13. In response to the July 8 Email, FCA's attorney sent another email to VistaJet's lawyer on July 11, 2022 (the "July 11 Email"), (a copy of which is attached as **Exhibit 5**), again asking for substantiation regarding VistaJet's threatened claims, including by asking seven specific questions, as follows:

a) You failed to identify "any existing VistaJet client" who in fact has purchased hours and/or been on the receiving end of any marketing efforts from FCA since 4/1/22, even though you claim that has occurred. We'd like to know who you're talking about.

b) In your email of 7/8/22, you claim that there is a contract provision that provides that "all such potential customers are pre-approved per the contract prior to any outreach to said customer." Presumably, you are referring to Section 3.4.1 of the Addendum, yet in reading that Section, it does not have the language quoted above in your email. The exact language of 3.4.1 says that "each such customer is preapproved by VistaJet, which such approval shall not be unreasonably withheld or delayed." The language does not say that the pre-approval must take place prior to any outreach to said customer. Section 3.4.1 then goes on to say that reasonable reasons for VistaJet to reject a FCA customer if that customer [*sic*] "if such customer is an existing VistaJet Client." Again, we know nothing about FCA's having sold hours to an existing VistaJet customer—and we need you to identify who that customer is so we understand your claim that FCA has breached the agreement on this point.

c) Regarding the fact that VistaJet has in fact approved of all the FCA customers who have flown on hours FCA received under the Assumption Agreement, see the two attachments above –which reflect VistaJet's approvals of such customers.

d) Where has FCA made any disclosure of VistaJet's rates to any third party, as you alleged in your letter of 7/1/22?

e) What provision in the Assumption Agreement, any exhibits in the Assumption Agreement, and/or the Lanham Act that has been violated by reason of FCA's distributing Appendix 2 to potential customers? We cannot find any such provisions that have been violated.

f) What provision in Appendix 2 suggests that FCA [sic] and VistaJet have "a business relationship, so as to cause a violation of Section 6.6 of the Program Agreement?

g) Who are the people at FCA who made any alleged misrepresentation to anyone at VistaJet—and who are the VistaJet people who heard and relied upon such alleged misrepresentation—and when did the alleged misrepresentations take place?

14. After VistaJet's attorney received the July 11 Email, he then called FCA's lawyer's office on July 12, 2022, and advised that he would be sending a letter in the next day or so that would provide answers to the seven questions stated above in Paragraph 12, and that he would also be arranging a call between representatives of VistaJet and FCA aimed at determining whether there was a way to resolve the dispute that would take place no later than July 15, 2022.

15. On July 13, 2022, FCA's attorney supplemented the seven questions asked of VistaJet in the July 11 Email with an email to VistaJet's attorney of July 13, 2022 (the "July 13 Email) (a copy of which is attached as **Exhibit 6**), which specifically explained why VistaJet's threatened claims of trademark (*i.e.*, Lanham Act violation) infringement and copyright infringement against FCA had no merit, and asked for certain documentation from VistaJet to attempt to understand on what basis VistaJet was making a claim of copyright infringement.

16. At 5:41 AM on July 15, 2022, VistaJet's attorney responded to the July 11 Email and the July 13 Email with his letter of July 15, 2022 (the "<u>July 15 Letter</u>") (a copy of which is attached as **Exhibit 7**). The July 15 Letter does not contain a single answer to *any* of the points or questions FCA's attorney had raised in the July 11 Email or the July 13 Email. - Nor did the July 15 Letter contain or attach any documentation that would support any of VistaJet's unfounded claims.

17. After receiving the July 15 Letter, FCA's lawyer sent an email later that morning (the "July 15 Email") (attached hereto as **Exhibit 8**, in pertinent part), advising VistaJet that its purported deadline of July 18, 2022, by which it intended to cut off FCA's access to VistaJet's aircraft for the hours FCA had purchased under the Assumption, violated the 30 day notice-and-opportunity-to-cure provision contained in Section 5.1 of the Program Agreement. Notwithstanding this reminder of VistaJet's obligations under Section 5.1 of the Program Agreement, VistaJet refused to change its purported deadline for preventing FCA (and its customers) from having access to VistaJet's aircrafts of July 18, 2022.

18. As an initial matter, because VistaJet's correspondence lacked the detail required under the Program Agreement, it did not constitute a valid notice, and the thirty (30) day cure period has not yet even begun to run. However, *even if* one were to conclude that the July 1

Letter constituted a notice of default complaint with the Program Agreement, VistaJet is not permitted under that Agreement to prevent FCA and its customers from having access to VistaJet's aircrafts until – *at the very earliest, if at all* – July 31, 2022 (*i.e.*, **30 days** after VistaJet gave written notice to FCA on July 1, 2022 of the alleged breach of contract).

19. Upon learning of VistaJet's intention to prevent FCA from using VistaJet's aircraft after July 18, 2022, FCA has attempted to cover by investigating whether there are any other available aircraft which are substantially similar to VistaJet's aircraft, that FCA could attempt to schedule for the benefit of its customers who have already contracted to use the VistaJet hours (purchased under the Assumption), and need to make their flights in the two weeks after July 18, 2022, but FCA has not been able to locate such substantially equivalent replacement aircraft.

**FIRST CAUSE OF ACTION**
**(Breach of Contract, Temporary Restraining Order, Preliminary Injunction, Permanent Injunction)**

20. FCA repeats and realleges the allegations set forth in Paragraphs 1-[19], as if fully set forth herein.

21. The Assumption, the Program Agreement, and the Addendum are all valid and enforceable agreements.

22. FCA has performed all of its obligations under the Agreements.

23. VistaJet has breached Section 5.1 of the Program Agreement by failing to give FCA the 30-day required written notice of any alleged breach of the agreement with sufficient detail to enable FCA to assess the claim and have an opportunity to cure before declaring a default.

24. VistaJet has also breached Sections 4.6. and 11 of the Assumption by refusing to provide hours on VistaJet's aircraft to FCA's customers after July 18, 2022, at 5:00 PM Eastern time, as is required under the Assumption and the Program Agreement.

25. Given such breaches of the agreements, and the fact that FCA is unable to schedule and enter into contracts for reasonably similar aircraft to the VistaJet aircraft in the immediate future in order to provide services to FCA's customers in accordance with the agreements FCA has with such customers, immediate and irreparable injury, loss and damage will result to FCA's business (for which it cannot be adequately compensated in damages) will result from VistaJet's breaches of contract if VistaJet is not enjoined from terminating the Assumption and refusing to provide aircraft, personnel, and flight hours to FCA and FCA's customers from July 18, 2022, at 5:00 PM Eastern time forward, as required under the Agreements.

26. Therefore, FCA is entitled to a temporary restraining order, preliminary injunction, and ultimately a permanent injunction against VistaJet to restrain and enjoin VistaJet from refusing to provide aircraft, personnel, and flight hours to FCA and FCA's customers from July 18, 2022, forward.

**SECOND CAUSE OF ACTION**
**(Breach of Contract - Damages)**

27. FCA repeats and realleges the allegations set forth in Paragraphs 1 – 26.

28. FCA has fully performed all of its obligations under its agreement with VistaJet. However, as described above, VistaJet has breached its agreement with FCA.

29. VistaJet's breaches have caused FCA to be injured.

30. As a result of VistaJet's breaches of its agreement, FCA has incurred damages in an amount to be determined at trial, which FCA is entitled to recover.

### THIRD CAUSE OF ACTION
### (Tortious Interference with Contract)

31. FCA repeats and realleges the allegations set forth in Paragraphs 1-30, as if fully set forth herein.

32. FAC has contracts with its customers.

33. VistaJet is aware of such contracts.

34. VistaJet's intentional and improper conduct is preventing FAC from fulfilling its obligations under its contracts with its customers.

35. By reason of the above, VistaJet has tortiously interfered with FCA's agreements with its customers to whom it has sold hours that involve their flying on VistaJet's aircraft on or after July 18, 2022, at 5:00 PM Eastern time.

36. As a direct and proximate result of such tortious interference with FCA's agreements with its customers, FCA has sustained damages in an amount to be proven at trial, but not less than $500,000

### FOURTH CAUSE OF ACTION
### (Declaratory Judgment Pursuant to CPLR § 3001)

37. FCA repeats and realleges the allegations set forth in Paragraphs 1-36, as if fully set forth herein.

38. An actual and justiciable controversy exists respecting VistaJet's claim that (i) FCA has breached the Agreement and (ii) FCA the Agreement and (ii) FCA has committed trademark infringement and/or Lanham Act violations.

39. Accordingly, pursuant to CPLR § 3001, FCA is entitled to a declaratory judgment that no such breaches, infringements, or violations have occurred. By reason of the above, FCA is entitled to declaratory relief, to the effect that this Court should declare that given the pertinent

facts of this case, VistaJet has no viable claim for (i) breach of the Agreement or (ii) trademark infringement and/or Lanham Act violation against FCA given that FCA's use of VistaJet's trademark qualifies as nominative fair use, in accordance with the Assumption and the Program Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, FCA, demands judgment as follows:

a) On the First Cause of Action, issuance of a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction against VistaJet prohibiting VistaJet from refusing to provide aircraft, personnel, and hours to FCA's customers after July 18, 2022, as it is required to do under the Agreements, as well as compensatory damages against VistaJet in an amount to be determined at trial;

b) On the Second and Third Causes of Action, an award of compensatory damages against VistaJet in an amount to be determined at trial;

c) On the Fourth Cause of Action, an award of declaratory relief to the effect that the Court declare that VistaJet has no viable claim against FCA for (i) breach of the Agreement or (ii) Lanham Act violations because FCA's use of VistaJet's trademark qualifies as nominative fair use;

d) Granting FCA its attorneys' fees, costs, disbursements and expenses, and pre-judgment and post-judgment interest as provided by law; and

e) Granting such other and further relief as the Court deems just and proper.

Dated: July 19, 2022

**AKERMAN LLP**

By: */s/ Eamon O'Kelly*
H. Peter Haveles, Jr.
Lisa Coyle
Eamon O'Kelly
1251 Avenue of the Americas, 37th Floor
New York, New York 10020
Telephone: (212) 880-3800
Peter.haveles@akerman.com
lisa.coyle@akerman.com
Eamon.Okelly@akerman.com

- and -

**SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP**

   */s/ Talmage Boston*
Talmage Boston (*pro hac vice motion forthcoming*)
Texas Bar No. 02681800
tboston@shackelford.law
9201 N. Central Expressway, Fourth Floor
Dallas, Texas 75231
Telephone: (214) 780-1400

*Attorneys for Plaintiff Pioneer Business Services, LLC d/b/a Four Corners Aviation Services*

At Part 60 of the Supreme Court of the State of New York, Held in and for the County of New York at the Courthouse, located at 60 Centre Street, New York, New York on July 20, 2022.

PRESENT:

        HON. MELISSA A. CRANE, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x

PIONEER BUSINESS SERVICES, LLC d/b/a
FOUR CORNERS AVIATION SERVICES,
                              Plaintiff,                Index No. 652490/2022

       -against-                            Motion Seq. No. 01

VISTAJET US, INC.,
                              Defendant
-------------------------------------------------------------------x

## [PROPOSED] ORDER TO SHOW CAUSE ~~FOR AN ORDER GRANTING A TEMPORARY RESTRAINING ORDER~~

**UPON** the Memorandum of Law in Support of Plaintiff's Order to Show Cause Seeking a Temporary Restraining Order dated July 19, 2022, the Affirmation of Eamon O'Kelly dated July 19, 2022, the Affirmation of Brian Proctor dated July 19, 2022 and related exhibits, the Plaintiff's Complaint dated July 19, 2022, and upon all prior pleadings and proceedings had herein, and sufficient cause being alleged therefor,

      **LET** Defendant VistaJetUS, Inc. show cause before the Hon. Melissa A. Crane at IAS Part 60, of the Supreme Court of the State of New York for the County of New York, at the Courthouse located at 60 Centre Street, New York, New York, on the 27th day of July 2022 at 11:00 a.m., or as soon thereafter as counsel can be heard, why an order pursuant to Article 63 of the Civil Practice Law and Rules should not be entered, pending determination of

1

this action, preliminarily enjoining Defendant from refusing to provide aircraft, personnel, and flight hours to Plaintiff and Plaintiff's customers from July 18, 2022 forward; and it is further

~~**ORDERED**, that pending the hearing and determination of Plaintiff's motion for a preliminary injunction, Defendant is temporarily restrained and enjoined from refusing to provide aircraft, personnel, and flight hours to Plaintiff and Plaintiff's customers from July 18, 2022 forward; and it is further~~

**ORDERED**, that service of a copy of this Order, and the papers upon which it is granted, shall be made via NYSCEF and by email upon all counsel for the parties, on or before the 20th day of July 2022, and by said methods, service shall be deemed sufficient, and it is further

**ORDERED**, that opposition papers, if any, are required to be filed on NYSCEF, on or before the 26th day of July 2022 at 12:00 p.m., and it is further

**ORDERED**, that the court will conduct an evidentiary hearing on 7/27/22 at 11:00 a.m.; and it is further

**ORDERED**, that the parties may engage in discovery [limited to issues relating to the request for a preliminary injunction] in advance of the hearing as follows: (1) document demands and interrogatories (interrogatories are limited to 25 in number, including subparts) must be served by 5:00 p.m. on 7/20/22; (2) responses to demands and interrogatories served by 5:00 p.m. on 7/21/22; (3) production with privilege logs and CD Rule 11-b certifications served by 5:00 p.m. on 7/22/22; and (4) party depositions (one person per side; limited to 4 hours each) must be completed by 7/25/22.

ENTER:

_____
HON. MELISSA A. CRANE, J.S.C.

Dated: July 20, 2022