UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PIONEER BUSINESS SERVICES, LLC
d/b/a FOUR CORNERS AVIATION
SERVICES,

        Plaintiff,

   -against-

VISTAJET US, INC.,

        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/05/2023

22-CV-6206 (ALC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The Court is in receipt of plaintiff's letter-motions seeking discovery relief (Dkts. 81, 82), defendant's opposition (Dkt. 86), and plaintiff's reply (Dkt. 87). The Court will hold a discovery conference on **January 10, 2023, at 11:00 a.m.**, in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse.

    The Court is also in receipt of defendant's letter dated December 23, 2023 (Dkt. 85), requesting that certain documents filed by plaintiff in support of its discovery letter-motions remain under seal. The Court considers each set of sealing requests below.

    <u>Dkts. 81-1, 82-1, and 82-2</u>. Defendant has articulated no substantive rationale for keeping these deposition transcript excerpts under seal. The fact that the parties agreed among themselves that all deposition transcripts would be considered "confidential" for 30 days does not answer (or even bear on) the question whether sealing is warranted under the standards set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), and its progeny. Once the transcript excerpts were submitted in support of a motion, it was defendant's burden to answer that question. Defendant having failed to do so, and the transcripts themselves raising no obvious issues, Dkts. 81-1, 82-1, and 82-2 will be unsealed tomorrow, January 6, 2023, at 5:00 p.m.

Dkts. 82-3 and 82-4. Defendant requests that these business emails remain under seal because they "disclose the terms of an agreement between VistaJet and its client, SoftBank, including pricing and other sensitive commercial information." The Court agrees that the emails reveal competitively sensitive pricing information. Dkts. 82-3 and 82-4 will remain under seal.

Dkt. 82-5. Defendant requests that these WhatsApp messages remain under seal because they "reveal[] sensitive pricing information and confidential commercial terms of VistaJet's contracts." Upon review of the messages, the Court observes that the only information warranting sealing appears on the last two pages, Bates stamped VJ00008997-98, starting with the message bearing the timestamp 22:09. Sealing orders must be narrowly tailored to serve the purpose that requires the sealing. *See Lugosch*, 435 F.3d at 119-20. Plaintiffs are therefore directed to file a redacted version of Dkt. 82-5 which conceals only the messages timestamped 22:09 and later. Dkt. 82-5, as filed, shall remain under seal.

Dated: New York, New York
       January 5, 2023

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**